IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:15cv-506-WHA |
| | ) | |
| J&J CABLE CONSTRUCTION, LLC, et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS and PROCEDURAL HISTORY**

This cause is before the court on a Motion to Intervene filed by Jerry L. Noblitt and Jerry E. Noblitt (Doc. #22).

According to the Complaint filed in this case, Jerry L. Noblitt and Jerry E. Noblitt are the sole members of J&J Cable Construction, LLC. (J&J Cable).   J&J Cable performs cable construction under contract.   J&J Cable damaged an underground sewage line while installing an electrical conduit under contract with Dixie Electric Cooperative, Inc.   Tenants of the residence served by the damaged sewer line brought a lawsuit in state court naming J&J Cable and Dixie Electric Cooperative as defendants.   J&J Cable was insured by a commercial general liability insurance policy through Essex Insurance Company.   Essex Insurance Company ("Essex"), however, has not provided insurance coverage to J&J Cable or Dixie.

Essex brought the instant declaratory judgment action seeking a declaration of its rights and obligations to defend and/or indemnify J&J Cable or Dixie Electric Cooperative in the underlying state court case.   Named as Defendants in this case are J&J Cable, Dixie Electric

Cooperative, and the Plaintiffs in the underlying state court action.

Jerry L. Noblitt and Jerry E. Noblitt have sought to intervene in this case.   The court gave these putative Intervenors additional time in which to file a proposed Complaint in Intervention to make clear the interest they seek to protect in this case.

Putative Plaintiff Intervenors allege in the Proposed Amended Complaint in Intervention that as members of the limited liability company, they are insureds under a policy provision which states "Your members are also insureds, but only with respect to the conduct of your business." (Doc. #33-1 at p.3)   They seek to assert a breach of contract claim as insureds and as third-party beneficiaries of the insurance contract.

For reasons to be discussed, the Motion to Intervene is due to be GRANTED.

## II. INTERVENTION STANDARD

Rule 24(a) of the Federal Rules of Civil Procedure allows a third party to intervene as a matter of right if four requirements are met: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that disposition of the action, as a practical matter, may impeded or impair his ability to protect that interest; and (4) the applicant must demonstrate that his interest is inadequately represented by existing parties to the suit. *Purcell v. BankAtlantic Financial Corporation*, 85 F.3d 1508, 1512 (11th Cir. 1996).

If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b).   *Purcell*, 85 F.3d at 1513.   Federal Rule of Civil Procedure 24(b) allows permissive intervention if the application to intervene is timely, and if the intervenor's claim or defense and the main issue of the cause have a common question of fact. *Id.*

### III.   DISCUSSION

Essex urges this court to deny the Motion to Intervene, arguing that the movants do not have an interest in this case because they are members of the limited liability company and that no claims are asserted against them individually in the underlying tort action.

"Neither a member nor a manager of a limited liability company is a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's or manager's rights against or liability to the limited liability company." *Clement Contracting Grp., Inc. v. Coating Sys., L.L.C.*, 881 So. 2d 971, 974 (Ala. 2003) (quotation omitted).   When individual damages sought to be recovered by a plaintiff are incidental to his or her status as a stockholder in a corporation, the claim is a derivative one and must be brought on behalf of the corporation.   *General Motors Corp. v. Bell*, 714 So.2d 268, 290 (Ala. 1996). Therefore, even personal injuries such as emotional distress and individual reputational damage can still be incidental to one's status as a sole shareholder.   *Cooper v. Sw. Marine & Gen. Ins. Co.*, No. 2:13-CV-1651-KOB, 2014 WL 769394, at *6 (N.D. Ala. Feb. 26, 2014).

In Alabama, a shareholder does not have a right to pursue a claim under an insurance policy issued in favor of, and to, a corporation. *See, e.g., Cook v. Trinity Universal Ins. Co. of Kansas*, 297 F.App'x. 911 (11th Cir. 2008).   To recover on behalf of the shareholder individually, the "shareholder [must] show[ ] a violation of a duty owed directly to him." *Id.* at 913.   In *Cook*, the insurance contract only named the corporation as the insured, and the owner was not a loss payee, therefore, the owner was not a direct third-party beneficiary under Alabama law, and he lacked standing to pursue the action. *Id.* at 914.

In this case, the putative Intervenors seek to bring a claim for breach of the insurance contract as insureds under the policy and as third-party beneficiaries of the policy.

3

The Supreme Court of Connecticut has analyzed the question of standing within the context of a motion to dismiss where an owner of a limited liability company was named as an insured under a policy with language similar to that at issue in the instant case. *See Wilcox v. Webster Ins., Inc.*, 982 A.2d 1053, 1062 (Conn. 2009) (noting that policy stated that members of the company are insureds with respect to the conduct of the business).   In that case, the lower court concluded that the state's Limited Liability Act did not permit the owners to bring claims. *Id.* at 1059.   On appeal, the Court found that there was standing to assert a claim, including a claim for breach of the insurance contract, because as a named insured, the owner was a party to the insurance contract, and had a specific, personal, and legal interest in the contract. *Id.* at 1062.   The court concluded that for the purposes of a motion to dismiss, the owner had adequately established an interest that was not an interest merely attributable to his status as member of the LLC. *Id.* at 1064.

This court is persuaded by that analysis and concludes, based upon the allegations of the proposed Amended Complaint in Intervention that the putative Intervenors are named insureds under the policy at issue, and without making any determination on the merits of the putative Intervenors' claims at this time, that the standard for intervention is met in this case.

## IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.   The Motion to Intervene (Doc. #22) GRANTED.

2.   The movants are allowed to file the Amended Complaint in Intervention attached to the Response to Court's Order (Doc. #33).

Done this 9th day of November, 2015.

/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE