IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:15-cv-506-WHA-WC |
| | ) |
| J&J CABLE CONSTRUCTION, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| J&J CABLE CONSTRUCTION, LLC, *et al.*, | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ESSEX INSURANCE COMPANY, | ) |
| | ) |
| Counterclaim-Defendant, | ) |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES the Defendant/Counterclaim-Plaintiff J&J Cable Construction, LLC (hereinafter "J&J Cable"), by and through counsel, and moves the Court, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, to enter a partial summary judgment in its

*Essex Insurance Co. v.*
*J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment

favor on the issue of breach of the duty to defend under the subject insurance policy, based upon the following:

### UNDISPUTED FACTS

1. Essex Insurance Company ("Essex") insured J&J Cable under a Comprehensive General Liability insurance policy (CGL) ("Suit Policy") for the period November 12, 2012, to November 12, 2013 (hereinafter the "Policy Period"). (Doc. 1 at p. 7, ¶ 16).

2. The Suit Policy contains language which obligates Essex to ". . . pay those sums that the insured [J&J Cable] becomes legally obligated to pay as damages because of . . . bodily injury or property damage . . . ." (Doc. 1 at p. 7, ¶ 17).

3. Essex acknowledged on January 7, 2014, receipt of notice that its insured, J&J Cable, struck and ruptured a sewer line in the Ryan Ridge subdivision during the course of underground boring work, which work commenced on November 8, 2013, and was completed on November 11, 2013. (*See* Essex 1).

4. Essex received notice that on January 15, 2014, the Crittendens in the underlying state court litigation, claimed that J&J Cable had caused property damage. (*See* Exhibit "1", Essex 1).

*Essex Insurance Co. v.*
*J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment        -2-

5.      On January 28, 2014, Essex denied coverage and refused to defend J&J Cable. (Exhibit "2").  Essex denied coverage and refused to defend the underlying state court action from January 15, 2014, until November 11,  2014.[1]

6.      Essex did agree to defend J&J Cable under a Reservation of Rights in November 2014.

7.      Prior to November 2014, Essex was aware from evidence and documents cited by Dixie Electric Cooperative ("Dixie Electric") and other parties in the underlying state court action, that injuries and damages allegedly suffered by the Crittendens (the tenants of the rental house) and the Andersons (the owners of the rental house) occurred within the policy period.  (*See* Exhibit "3", Essex 35, 36, & 283).

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, party is authorized to move for summary judgment on all or part of a claim or defense asserted either by or against the movant.  Under that rule, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Ala.*, 941 F.2d 1428 (11th Cir. 1991) (en banc); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  In its review of the evidence, a court must credit the evidence of the non-movant and draw all justifiable inferences in the non-movant's favor. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).  At

---

[1] J&J Cable seeks leave to provide additional evidence from depositions of Essex's witnesses and others to be taken after this dispositive motion is filed. (See Doc. 78).  The present motion for partial summary judgment is filed in order to comply with the Court's dispositive motion cutoff of March 1, 2016 (Doc. 69).

*Essex Insurance Co.  v.*
*J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment                    -3-

> summary judgment, 'the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).
>
> The fact that multiple parties have filed a motion for summary judgment does not alter the Rule 56 standards applicable to each one. "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (citation omitted); *see also Busby v. JRHBW Realty, Inc.*, 642 F. Supp. 2d 1283, 1289 (N.D. Ala. 2009). "When [multiple] parties move for summary judgment, the court must evaluate each motion on its own merits, resolving all reasonable inferences against the party whose motion is under construction." *Muzzy Products, Corp. v. Sullivan Indus., Inc.*, 194 F. Supp. 2d 1360, 1378 (N.D. Ga. 2002) (quoting *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1338-39 (Fed. Cir. 2001)).

*Worthington Fed. Bank v. Everest Nat'l Ins. Co.*, 110 F. Supp. 3d 1211, 1218-19 (N.D. Ala. 2015).

### **APPLICABLE SUBSTANTIVE LAW**

In this diversity case brought by Essex, the diversity issue is undisputed by the parties. Accordingly, the Court is bound to apply Alabama substantive law, while applying federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, DDS, PA*, 781 F.3d 1245, 1259-60 (11th Cir. 2015). Under Alabama law, "[g]eneral rules of contract law govern an insurance contract. The court must enforce the insurance policy as written if the terms are unambiguous." *Lamberty v. Coregis Ins. Co., Inc.*, 950 So. 2d 1156, 1161 (Ala. 2006) (quoting *Safeway Ins. Co. of Ala. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005) (internal citations and quotations omitted)).

*Essex Insurance Co. v.*
*J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment                        -4-

Case 3:15-cv-00506-CDL-WC   Document 80   Filed 03/01/16   Page 5 of 10

Liability insurance coverage typically includes two separate duties: (1) <u>the duty to defend</u> and (2) the duty to indemnify. *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1063 (Ala. 2003).

> "It is well settled 'that [an] <u>insurer's duty to defend is more extensive than its duty to [indemnify]</u>.'  United States Fid. & Guar. Co. v. Armstrong, 479 So. 2d 1164, 1168 (Ala. 1985) (citations omitted).  Whether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured is determined <u>primarily by the allegations contained in the complaint</u>.  Id. at 1168.  If the allegations of the injured party's complaint show an accident or an occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured.  Ladner & Co. v. Southern Guar. Ins. Co., 347 So. 2d 100, 102 (Ala. 1977) (citing Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N.Y. 148, 77 N.E.2d 131 (1948))."  (Emphasis supplied).

*Worthington Fed. Bank v. Everest Nat'l Ins. Co.*, 110 F. Supp. 3d 1211, 1215-16 (N. D. Ala. June 4, 2015).  The Court further explained:

> "[I]f there is any uncertainty as to whether complaint alleges facts that would invoke the duty to defend, the insurer must investigate the facts surrounding the incident that gave rise to the complaint in order to determine whether it has a duty to defend the insured. *Blackburn v. Fidelity & Deposit Co. of Maryland*, 667 So. 2d 661, 668 (Ala. 1995) (citing *United States Fid. & Guar. Co. v. Armstrong*, 479 So. 2d 1164 (Ala. 1985)) (other citations omitted).  <u>When a complaint alleges both acts covered under the policy and acts not covered, the insurer is under a duty to at least defend the allegations covered by the policy</u>.  *Blackburn*, 667 So. 2d at 670 (citing *Tapscott v. Allstate Ins. Co.*, 526 So. 2d 570, 574 (Ala. 1988) (emphasis supplied).

*Tanner*, 874 So. 2d at 1063, 1064 (quoting *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 14 (Ala. 2001) (emphasis omitted).  *See Worthington, supra*, at 116-17.  *See also Cotton States Mutual Ins. Co. v. Daniel*, 2008 U.S. Dist. LEXIS 94696, 2008 WL 4999097 *18 (M.D. Ala. Nov. 20,

*Essex Insurance Co. v. J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment                          -5-

2008, Watkins, J.) ("To ascertain whether [an insurer] owes [its insured] a duty to defend the Court focuses on the factual allegations in the complaint not on the legal theories asserted.").

## DISCUSSION

J&J Cable says that Essex breached the duty to defend the underlying lawsuit filed by the Crittendens from January 2014 until November 2014, and breached the duty to defend the crossclaim filed by Dixie Electric because the allegations in both complaints show that the underground boring, conducted by J&J Cable, started on November 8, 2013, and ended on November 11, 2013.  All of the underground boring was completed during the policy period of the Suit Policy.[2]  None of the underground boring was done after the CGL Policy Period.  J&J Cable concedes that it inadvertently struck the subject sewer line. (*See* Deposition of Jerry Noblitt, cited by Dixie Electric, Exhibit "4", (Doc. 10-2)).  It is undisputed that damage to the sewer line resulted in property damage to the owners of the rental property (Dr. and Mrs. Anderson) and resulted in property damage to the tenants in the subject rental house (the Crittendens).  Accordingly, it is immaterial whether additional damage may or may not have occurred after the initial damage of November 8, 2013 through November 11, 2013, since the undisputed facts demonstrate that Essex's duty to defend was triggered by events that occurred during the suit policy period.

---

[2] The Suit Policy period was November 11, 20**12**, to November 11, 20**13**.

*Essex Insurance Co.  v.*
*J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment                            -6-

Indeed, Essex was obligated to defend J&J Cable based on the allegations that property damage occurred within the policy period.

It is undisputed that Essex was aware of facts giving rise to its duty to defend because in its "coverage disclaimer" sent to J&J Cable's Jerry Noblitt under date of October 29, 2014, (*see* Essex 304), Essex admitted its knowledge of several important facts including:

(1) "... receipt of the amended complaint filed in the above referenced lawsuit." (The underlying state court action filed by the Crittendens).

(2) "The work was completed by J&J Cable on or about November 11, 2013." (*See* Essex 304.) (Emphasis supplied).

(3) "Review of the discovery conducted thus far in the lawsuit . . . [the state court action]." (*See* Essex 304.)

(4) Essex then concluded "Based on all the foregoing, we must disclaim coverage to you for this loss and will not be handling this claim on your behalf. We will not be providing you with a defense." (*See* Essex 306.) (Emphasis supplied).

A fair reading of the Amended Complaint referenced by Essex in the coverage disclaimer letter, shows clearly "on or about November **3**, 2013, until approximately November 11, 2013, the sewage line was breached . . . ." (*See* Exhibit "5", Essex 304-311) (emphasis supplied).[3]  (*See also* Essex 1100 at ¶ 9.)  Essex stated in the coverage disclaimer that it had reviewed the discovery.  Thus, Essex was aware of the response of Dixie Electric that the property damage had occurred during Essex's policy period.  In response to Essex's interrogatory number 8, as to how the incident occurred, Dixie Electric

---

[3] "The Amended Complaint differs from the original in that it states that on or about Nov. 3, 2013 until approximately Nov. 11, 2013, the sewer line was breached . . . ."  (Essex 304) (emphasis supplied).

*Essex Insurance Co. v.*
*J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment                    -7-

stated "Dixie's independent contractor J&J Cable Construction, LLC contacted a sewer lateral while performing boring work on November 8, 2013, and/or November 11, 2013, on Ryan Ridge Loop." (*See* Essex 524) (Emphasis supplied).

In addition, Essex had before it the deposition testimony of Marrell Crittenden, taken June 27, 2014 (four months before Essex again denied coverage and refused to defend), which testimony shows that the Crittendens alleged personal injury could have occurred during the policy period. (Exhibit "6" - Deposition of Marrell Crittenden at pp. 45-46 (Doc. 10-3)). Essex was also aware of the deposition testimony of Courtney Crittenden, taken June 27, 2014, which also constitutes evidence that the damage occurred prior to November 11, 2013, the expiration date of the policy. (Exhibit "7" - Deposition of Courtney Crittenden at pp. 61-64 (Doc. 10-4)).[4]

## CONCLUSION

Based on the foregoing, J&J Cable Construction, LLC, moves the Court to enter judgment in its favor that Essex breached the duty to defend under the Suit Policy by failing to defend J&J Cable from January 14, 2014, until November 2014.

---

[4] Attached is an exemplar calendar for November 2013, which demonstrates that November 11, 2013, was on a Monday. November 8, 2013, was on a Friday. For clarity and emphasis, the undisputed evidence shows that J&J Cable started its work November 8, 2013, and completed the work November 11, 2013.

*Essex Insurance Co. v.*
*J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment               -8-

                                                                      /s/   David E. Allred
DAVID E. ALLRED (ASB-3233-A40D)
D. CRAIG ALLRED (ASB-5118-D60A)
***Attorneys for Defendant/Counterclaim-Plaintiff J&J Cable Construction, LLC***

OF COUNSEL:

ALLRED & ALLRED, P.C.
7030 Fain Park Drive, Suite 9
Montgomery, Alabama   36117
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977
E-Mail:   dallred@allredpclaw.com
                callred@allredpclaw.com

*Essex Insurance Co.  v.
J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment          -9-

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 1st day of March, 2016, electronically filed the foregoing *Motion for Partial Summary Judgment* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Eastern Division, using the CM/ECF system, which will send notification of such filing to:

*Attorneys for Plaintiff*
*Essex Insurance Company*
F. Lane Finch, Jr., Esq.
Brian C. Richardson, Esq.
SWIFT CURRIE MCGHEE AND HIERS, LLP
2 North 20th Street, Suite 1405
Birmingham, AL 35203
Lane.Finch@swiftcurrie.com
Brian.Richardson@swiftcurrie.com

*Attorneys for Defendant*
*Dixie Electric Cooperative*
Louis M. Calligas, Esq.
John G. Smith, Esq.
BALCH & BINGHAM, LLP
P. O. Box 78
Montgomery, AL 36101-0078
lcalligas@balch.com
jgsmith@balch.com

*Attorneys for Defendants*
*Marrell A. Crittenden, Jr. and*
*Courtney Bynum Crittenden*
Tyrone C. Means, Esq.
H. Lewis Gillis, Esq.
Kristen J. Gillis, Esq.
MEANS GILLIS LAW, LLC
P. O. Box 5058
Montgomery, AL 36103
tcmeans@meansgillislaw.com
hlgillis@meansgillislaw.com
kjgillis@meansgillislaw.com

Robert Simms Thompson, Esq.
THE LAW OFFICES OF ROBERT SIMMS
   THOMPSON, P.C.
P. O. Box 830780
Tuskegee, AL 36083
rstpc@aol.com

/s/  David E. Allred
DAVID E. ALLRED (ASB-3233-A40D)

*Essex Insurance Co. v.*
*J&J Cable Construction, LLC, et al.*
J&J Cable's Motion for
Partial Summary Judgment                                    -10-